FILED
U.S. District Court
District of Kansas
10/09/2026
Clerk, U.S. District Court
By: KGS Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MALIK W. DORSEY,**

**Plaintiff,**

**v.** **CASE NO. 26-3358-JWL**

**ALICIA BRANDT, et al.,**

**Defendants.**

# MEMORANDUM AND ORDER

Plaintiff and Kansas pretrial detainee Malik W. Dorsey brings this pro se civil rights action under 42 U.S.C. § 1983. He is in custody at the Saline County Jail ("SCJ") in Salina, Kansas and he has been granted leave to proceed in forma pauperis. (Doc. 5.) The Court has conducted the statutorily required review of the complaint and identified deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court will grant Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified in this order. If he fails to do so, this matter will be dismissed without further prior notice to him.

## I. Nature of the Matter before the Court

As Defendants in this case, Plaintiff names SCJ Officers Alicia Brandt and (fnu)[1] Montgomery. (Doc. 1, p. 1-2.) As the background of the case, Plaintiff alleges that on April 20, 2026 at 2:04 p.m., Defendant Montgomery told him he cannot have a Bible until his request for one was approved and the following morning, Defendant Brandt told him the same thing. *Id.* at 2. In Count I, he alleges that Defendant Brandt violated his rights under the First and Third Amendments by telling him he could not have a Bible because his request for one had not been

[1] The Court uses the designation "(fnu)" to indicate that Officer Montgomery's first name is unknown. If Plaintiff discovers Officer Montgomery's first name, he should include it in the amended complaint.

approved by the captain. *Id.* at 3. In Count II, he alleges that Defendant Montgomery violated his rights under the First and Third Amendments by telling him that he can only have a Bible when administration approves his request. *Id.* As relief in this case, Plaintiff seeks $999,000,000,000,000.00 and an order placing all of Defendants' assets in his name. *Id.* at 5.

## II. Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## III. Discussion

This case is subject to dismissal because even liberally construed, it fails to state a plausible claim that Plaintiff's First or Third Amendment rights were violated. The Third Amendment states: "No Soldier shall, in time of peace be quartered in any house, without consent of the Owner, nor in time of war, but in a manner to be prescribed by law." U.S. Const. Amend. III. In the absence of any explanation from Plaintiff about how the Defendants' actions violated the Third Amendment or how the Third Amendment protects religious rights, the complaint fails to state a plausible Third Amendment claim. Thus, the Third Amendment claims are subject to dismissal.

Plaintiff's First Amendment claims, however, can be liberally construed as asserting a violation of the First Amendment's Free Exercise Clause, which "protects religious exercises." *See Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 523 (2022). "Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted). In order to state a plausible claim that the constitutional right to free exercise of religion was

denied, a prisoner must allege that defendants "substantially burdened his sincerely-held religious beliefs." *Id.* In addition, he "must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983." *Id.* at 1070.

Even liberally construing the pro se complaint, Plaintiff does not explain how each Defendant telling him that he would not be provided a Bible until his request for one was approved by the appropriate individual substantially burdened Plaintiff's sincerely-held religious beliefs. The alleged facts reflect that neither Defendant denied Plaintiff a Bible outright; they merely informed him that his request was still pending and he could not have one until the request was approved. Thus, Plaintiff has failed to state a plausible free exercise claim under the First Amendment and his First Amendment claims are subject to dismissal.

Finally, the Court notes that the relief Plaintiff seeks in this case is not available to him. Plaintiff requests monetary relief, but as previously explained to Plaintiff:

> Any request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).
>
> "The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).

*Dorsey v. Brandt*, 2026 WL 2920009, *2 (D. Kan. Sept. 29, 2026) (unpublished).

To the extent that Plaintiff seeks compensatory damages in this case, such relief is barred. Plaintiff may seek nominal damages, which are damages in name only, trivial sums such as six cents or $1" that do not purport to compensate for past wrongs" and "are symbolic only." *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1264 (10th Cir. 2004) (citation

omitted). He may also seek punitive damages, but he must allege sufficient facts to show "conduct which is 'shown to be motivated by evil motive or intent, or [that] involves reckless or callous indifference to the federally protected rights of others.'" *See Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

Plaintiff's request for an order placing Defendants' assets in his name is subject to dismissal. As this Court has repeatedly informed Plaintiff, "the Court knows of no authority under which it could grant such relief in a 42 U.S.C. § 1983 action." *See*, *e.g.*, *Dorsey v. United States of America*, 2026 WL 2483233, *5 (D. Kan. Aug. 25, 2026) (unpublished) (citation omitted). Unless Plaintiff provides specific legal authority that would allow the Court to grant this type of relief, future requests for a transfer of defendants' assets to his name will be summarily dismissed.

**IV. Amended Complaint Required**

For the reasons set forth above, this action is subject to dismissal in its entirety for failure to state a claim on which relief could be granted. Plaintiff is given the opportunity to file a complete and proper amended complaint upon the required, court-approved form that cures all the deficiencies discussed herein. He is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint.

Plaintiff must write the number of this case (26-3358) at the top of the first page of his amended complaint. He must allege sufficient facts to show that each defendant personally participated in a federal constitutional violation. For each Count in the amended complaint,

Plaintiff must clearly identify the constitutional right or rights he believes was violated and he must allege sufficient facts for the Court to conclude that if the facts alleged are true, he has stated a plausible claim for relief. He must follow the instructions on the required, court-approved complaint form and set forth the information requested therein and he must seek only relief available in this case.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for failure to state a claim on which relief could be granted. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until and including **November 11, 2026,** to file a complete and proper amended complaint that cures all the deficiencies identified in this order. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

DATED: This 9th day of October, 2026**,** at Kansas City, Kansas**.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**