FILED
U.S. District Court
District of Kansas
11/03/2026
Clerk, U.S. District Court
By: KGS Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MALIK W. DORSEY,**

**Plaintiff,**

**v.** **CASE NO. 26-3358-JWL**

**A. BRANDT, ET AL.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and state pretrial detainee Malik W. Dorsey filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) He is currently incarcerated at the Saline County Jail ("SCJ") in Salina, Kansas and has been granted leave to proceed in forma pauperis (Doc. 5). This matter comes now before the Court on Plaintiff's amended complaint (Doc. 7), filed on October 27, 2026. The Court has conducted the statutorily required review of the amended complaint and finds that, like the initial complaint, it fails to state a claim on which relief could be granted. Therefore, this matter will be dismissed without prejudice.

### I. Procedural History and Initial Complaint

Plaintiff filed his initial complaint on September 25, 2026. (Doc. 1.) He named as Defendants SCJ Officers A. Brandt and E. Montgomery. *Id.* at 1-2. As the background of the case, Plaintiff alleged that on April 20, 2026 at 2:04 p.m., Defendant Montgomery told him he cannot have a Bible until his request for one was approved and, the following morning, Defendant Brandt told him the same thing. *Id.* at 2. I Count I, he alleged that Defendant Brandt violated his rights under the First and Third Amendments by telling him he could not have a Bible because the captain had not approved his request for one. *Id.* at 3. In Count II, he alleged that Defendant Montgomery

violated his rights under the First and Third Amendments by telling him he can only have a Bible when administration approves his request. *Id.* As relief, Plaintiff sought $999,000,000,000,000.00 and an order placing all of Defendants' assets in his name. *Id.* at 5.

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court was required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes Plaintiff's pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court does "not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court screened the complaint and, on October 9, 2026, issued a memorandum and order ("M&O") that explained that this case was subject to dismissal because the complaint failed to state a plausible claim for relief. (Doc. 6, p. 3.) The M&O first noted that even liberally construed and taken as true, Plaintiff's alleged facts did not seem to implicate the protections of the Third Amendment. *Id.* at 3. It then stated:

> Plaintiff's First Amendment claim, however, can be liberally construed as asserting a violation of the First Amendment's Free Exercise Clause, which "protects religious exercises." *See Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 523 (2022). "Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted). In order to state a plausible claim that the constitutional right to free exercise of religion was denied, a prisoner must allege that defendants "substantially burdened his sincerely-held religious beliefs." *Id.* In addition, he "must assert conscious or intentional interference with his free exercise rights to state a valid claim under §

1983." *Id.* at 1070.

> Even liberally construing the pro se complaint, Plaintiff does not explain how each Defendant telling him that he would not be provided a Bible until his request for one was approved by the appropriate individual substantially burdened Plaintiff's sincerely-held religious beliefs. The alleged facts reflect that neither Defendant denied Plaintiff a Bible outright; they merely informed him that his request was still pending and he could not have one until the request was approved. Thus, Plaintiff has failed to state a plausible free exercise claim under the First Amendment and his First Amendment claims are subject to dismissal.

(Doc. 6, p. 3-4.)

The M&O then explained why compensatory damages and an order placing Defendants' assets in Plaintiff's name are not available as relief in this action. *Id.* at 4-5. It concluded by granting Plaintiff time to file an amended complaint that cured the deficiencies. *Id.* at 5-6. As noted above, Plaintiff timely filed an amended complaint. (Doc. 7.) The Court has screened the amended complaint as required by statute, applying the same screening standards set forth in detail in the M&O. (*See* Doc. 6, p. 2-3.)

**II. The Amended Complaint (Doc 7. )**

Like the initial complaint, the amended complaint names A. Brandt and E. Montgomery as Defendants. (Doc. 7, p. 1-2.) To his credit, Plaintiff no longer asserts a Third Amendment claim against either Defendant. In Count I, he asserts that at 12:41 p.m. on April 24, 2026, Defendant Montgomery violated his rights under the First and Fourteenth Amendments by interfering with his "prayer routine." *Id.* at 3. Plaintiff explains that he asked for a Bible in order to look for a specific prayer but Defendant Montgomery told him he couldn't have one. *Id.* at 4. Liberally construing the amended complaint, it appears that Plaintiff contends that the denial of a Bible prevented him from praying or from finding the specific prayer he sought, which he says took a toll on him and potentially interfered with his destiny. *Id.*

In Count II, Plaintiff asserts that at 7:19 a.m. on April 21, 2026, Defendant Brandt similarly

violated his rights under the First and Fourteenth Amendments by interfering with his prayer routine when she told him, "[We're] not giving you a Bible." *Id.* at 3. More specifically, Plaintiff alleges that he was stressed and wished to look through the Bible for prayers about stress, so he used the kiosk to ask for a Bible and Defendant Brandt responded through the kiosk: "We are not giving you a Bible due to your behavior." *Id.* at 5. Plaintiff states that the denial of a Bible left him unable to pray or recite the prayer he wanted to look for in the Bible. *Id.* As relief in the amended complaint, Plaintiff seeks $400,000,000.00. *Id.* at 7.

**III. Discussion**

"Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher*, 587 F.3d at 1069 (citation omitted). In order to state a plausible claim that the constitutional right to free exercise of religion was denied, a prisoner must allege that defendants "substantially burdened his sincerely-held religious beliefs." *Id.* In addition, he "must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983." *Id.* at 1070.

"If the prisoner satisfies this initial step, 'defendants may identify the legitimate penological interests that justified the impinging conduct,' and '[t]he burden then returns to the prisoner to show that these articulated concerns were irrational.'" *McKinley v. Maddox*, 493 F. App'x 928, 932 (10th Cir. Aug. 14, 2012) (unpublished) (citation omitted). The Court then balances factors set forth by the Supreme Court "to determine the reasonableness" of the conduct. *Id.* The Tenth Circuit has identified "three broad ways government action may impose a substantial burden on religious exercise:"

> (1) requir[ing] participation in an activity prohibited by a sincerely held religious belief, or (2) prevent[ing] participation in conduct motivated by a sincerely held religious belief, or (3) plac[ing] substantial pressure on an adherent either not to engage in conduct motivated by a sincerely held religious belief or to engage in

> conduct contrary to a sincerely held religious belief, such as where the government presents the plaintiff with a Hobson's choice-an illusory choice where the only realistically possible course of action trenches on an adherent's sincerely held religious belief.

*Strope v. Cummings*, 381 F. App'x 878, 881 (10th Cir. June 9, 2010) (unpublished) (quoting *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1315 (10th Cir. 2010)). In *Strope*, the Tenth Circuit reasoned as follows:

> Illustrating the distinction between substantial burden and inconvenience, we held (1) the flat denial of a halal diet with approved meats was actionable, [*Abdulhaseeb*, 600 F.3d] at 1316–20, but (2) an incident (the panel concurrence notes "sporadic incidents") in which a prisoner's meal was rendered inedible by service of prohibited items contaminating his tray was not actionable, *id*. at 1320–21; *id.* at 1325; see also *Gallagher*, 587 F.3d at 1070 (holding isolated violation of kosher restrictions did not support Free Exercise claim). We "assume[d] that as the frequency of presenting unacceptable foods increases, at some point the situation would rise to the level of a substantial burden," but that level had clearly not been reached. *Abdulhasseb*, 600 F.3d at 1321.

*Strope*, 381 F. App'x at 882.

In sum, mere inconvenience, negligence, and isolated or sporadic incidents are not sufficient to show a substantial burden. Even liberally construing the amended complaint and taking all facts alleged therein as true, Plaintiff alleges only that in April 2026, each Defendant once denied his request for a Bible. Although the Court understands Plaintiff's frustration, these isolated incidents do not demonstrate a substantial burden on Plaintiff's free exercise rights. Therefore, he has not alleged sufficient facts to support a plausible Free Exercise claim. *See Hildebrandt v. Richards*, 2025 WL 1294108, *1-2 (D. Kan. May 5, 2025) (finding failure to show plausible claim of substantial burden on the practice of religion where prisoner alleged that other than two occasions, he was denied access to group worship services at the jail for a period of nearly 5 months).

Plaintiff has not taken advantage of the opportunity already granted to submit a complaint

that states a plausible claim for relief. Thus, the Court declines to allow Plaintiff further opportunities to amend. *See Jensen v. West Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (explaining that refusing leave to amend is justified when there is "'failure to cure deficiencies by amendments previously allowed'"). Instead, it will dismiss this matter without prejudice for failure to state a plausible claim on which relief could be granted.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to state a claim on which relief could be granted.

**IT IS SO ORDERED.**

DATED: This 3rd day of November, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge